1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BOBBIE R. BAILEY, SBN 159663
bbailey@leaderberkon.com
EMILY K. DOTY, SBN 297222
edoty@leaderberkon.com
LEADER & BERKON LLP
660 South Figueroa Street, Suite 1150
Los Angeles, CA 90017
Telephone: (213) 234-1750
Facsimile:  (213) 234-1747

Attorneys for Plaintiff
**BASF CORPORATION**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT;** |
| SALEEN AUTOMOTIVE, INC. and STEVE SALEEN, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**COMES NOW** Plaintiff BASF CORPORATION ("BASF"), by and through undersigned counsel, and hereby files its Complaint against the above-captioned defendants Saleen Automotive, Inc. ("SA") and Steve Saleen ("Saleen") (collectively, "Defendants"), showing the Court as follows:

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

LB224422

## THE PARTIES

1.      BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2.      On information and belief, SA is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 2735 Wardlow Road, Corona, CA 92882 and with David A. Brewster as its agent for process of service at 1600 N. Broadway, Suite 1010, Santa Ana, CA 92706.

3.      On information and belief, Saleen is an individual and a citizen of the state of California and may be personally served at 36 Panorama, Coto de Caza, CA 92679.

4.      BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products").  BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5.      SA is a body shop engaged in the business of refinishing and repainting the bodies of automobiles, trucks, and other vehicles, either directly or through persons or legal entities over which it has control, which requires the use of after-market paints, refinishes, coatings, primers, thinners, and reducers ("Refinish Products").

6.      Saleen is the Chief Executive Officer of SA.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between the

parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of California.  Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in California.

8.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

9.     Michigan substantive law governs BASF's claims per Paragraph 8 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

10.     On or about April 22, 2014 ("Effective Date"), BASF and SA entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11.     Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, SA was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $4,131,000.00 of Refinish Products ("Minimum Purchases") in the aggregate at suggested refinish pricing.

12.     Also pursuant to Paragraph 2, if SA's aggregate purchases of BASF Refinish Products was less than $1,697,000.00 at month 36 subsequent to the Effective Date, SA was required to pay BASF 6.1% of the shortfall (the "True Up").

13.     Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid SA $250,000.00 ("Contract Fulfillment Consideration") in consideration of fulfilling all of its obligations under the Requirements Agreement.

14.     Also pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement was terminated for any reason prior to SA purchasing

**COMPLAINT AND DEMAND FOR JURY TRIAL**

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

1  a minimum of $4,131,000.00 of Refinish Products, SA was required to refund

2  BASF 100% of the Contract Fulfillment Consideration.

3        15.    As part of the Requirements Agreement, on April 22, 2014,

4  Saleen signed a personal guarantee under which he guaranteed SA's performance

5  under the terms of the Requirements Agreement ("Personal Guarantee"), including

6  but not limited to the repayment of the Contract Fulfillment Consideration to

7  BASF.

8  ***Defendants' Breach of the Requirements Agreement***

9        16.    On or about May 2015, SA, without any justification, breached

10  and ultimately terminated the Requirements Agreement by, among other things,

11  entering into an agreement with one of BASF's competitors and failing to purchase

12  one hundred percent of its requirements for Refinish Products from BASF.

13        17.    Since at least May 2015, SA has failed and refused to purchase

14  any further Refinish Products in violation of Paragraphs 1 and 2 of the

15  Requirements Agreement.

16        18.    SA's breach occurred prior to SA purchasing a minimum of

17  $4,131,000.00 of Refinish Products.  Upon information and belief, a purchase

18  balance of at least $4,124,828.00 remains due and owing under the terms of the

19  Requirements Agreement.

20        19.    SA did not purchase a total of at least $1,697,000.00 in Refinish

21  Products at month 36 subsequent to the Effective Date.  Upon information and

22  belief, the shortfall is at least $1,690,828.00 under the terms of the Requirements

23  Agreement.

24        20.    In violation of Paragraph 2 of the Requirements Agreement, SA

25  has failed and refused to pay BASF the True Up, which, upon information and

26  belief, is $103,140.51.

27

28

21.     In violation of Paragraph 3 of the Requirements Agreement, SA has failed and refused to refund BASF the sum of $250,000, which represents 100% of the $250,000 in unearned Contract Fulfillment Consideration.

22.     Saleen has also failed and refused to refund the sums of $103,140.51 and $250,000.00 as required by the Personal Guarantee.

23.     Also pursuant to the Personal Guarantee, Saleen owed BASF the purchase balance of at least $4,124,828.00 of Refinish Products and, in violation of the Requirement Agreement, has not paid such to BASF.

24.     BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

25.     By letter dated April 7, 2016, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendants notice that SA was in default of its contractual obligations and demanded refund of the Contract Fulfillment Consideration.  In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

26.     Despite the foregoing demand, Defendants have failed to satisfy their obligations under the terms of the Requirements Agreement and to this day have failed to satisfy their obligations.

## COUNT I
### Breach of Contract Against SA for Failure to Return Contract Fulfillment Consideration

27.     BASF incorporates by reference the allegations contained in the above paragraphs.

28.     Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, SA was required to purchase from BASF one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $4,131,000.00 of Refinish Products in the aggregate at suggested refinish pricing over the Term.

29.     Despite its obligations under the Requirements Agreement and in breach thereof, SA has failed to meet the Minimum Purchases under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

30.     Upon information and belief, the amount of outstanding Minimum Purchases by SA pursuant to the Requirements Agreement was approximately $4,124,828.00 as of the date of the filing of this Complaint.

31.     SA has further breached the Requirements Agreement by entering into an agreement for the purchase of Refinish Products with one of BASF's competitors.

32.     As a result of the unjustified breaches of the Requirements Agreement by SA without legal excuse and, pursuant to Paragraph 3 of the Requirements Agreement, SA is obligated to repay to BASF $250,000.00.

33.     As of the date of the filing of this Complaint, SA has damaged BASF in the following amounts under the Requirements Agreement:

      a.  $250,000.00 for refund of the Contract Fulfillment Consideration; and

      b.  $4,124,828.00 for the remaining balance of SA's minimum purchase requirement of $4,131,000.00.

34.     BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement.  Nevertheless, SA's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of $4,381,000.00.

## COUNT II

### Breach of Contract Against SA for Failure to Pay the True Up

35.     BASF incorporates by reference the allegations contained in the above paragraphs.

36.     Pursuant to Paragraph 2, if SA's aggregate purchases of BASF Refinish Products were less than $1,697,000.00 at month 36 subsequent to the Effective Date, SA was required to pay BASF 6.1% of the shortfall.

37.     Despite its obligations under the Requirements Agreement and in breach thereof, SA has failed to purchase an aggregate of $1,697,000.00 of Refinish Products at month 36 subsequent to the Effective Dates and failed to pay BASF the amounts due and owing thereunder.

38.     Upon information and belief, the True Up, 6.1% of the $1,690,828.00 shortfall, is $103,140.51.

39.     As of the date of the filing of this Complaint, SA has damaged BASF in the amount of $103,140.51 for the True Up.

40.     BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement.  Nevertheless, SA's breaches of under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of $103,140.51.

## COUNT III
### Breach of Contract Against Saleen for Failure to Return Contract Fulfillment Consideration

41.     BASF incorporates by reference the allegations contained in the above paragraphs.

42.     Pursuant to the terms of the Personal Guarantee in the Requirements Agreement, Saleen personally guaranteed SA's obligations to BASF under the Requirements Agreement, including the return of the Contract Fulfillment Consideration.

43.     Despite his obligation under the Personal Guarantee of the Requirements Agreement and in breach thereof, Saleen has failed to pay BASF the amounts due by SA under the Requirements Agreement.

44. As of the date of the filing of this Complaint, Saleen has damaged BASF in the following amounts under the Requirements Agreement:

  a. $250,000.00 for refund of the Contract Fulfillment Consideration; and

  b. $4,124,828.00 for the remaining balance of SA's minimum purchase requirement of $4,131,000.00.

45. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Saleen's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of $4,381,000.00.

## COUNT IV

### Breach of Contract Against Saleen for Failure to Pay the True Up

46. BASF incorporates by reference the allegations contained in the above paragraphs.

47. Pursuant to the terms of the Personal Guarantee in the Requirements Agreement, Saleen personally guaranteed SA's obligations to BASF under the Requirements Agreement, including the payment of the True Up.

48. Despite his obligation under the Personal Guarantee of the Requirements Agreement and in breach thereof, Saleen has failed to pay BASF the amounts due by SA under the Requirements Agreement.

49. As of the date of the filing of this Complaint, Saleen has damaged BASF by failing to pay BASF the True Up of $103,140.51.

50. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Saleen's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of $103,140.51.

## COUNTS V & VI

### Unjust Enrichment and Quantum Meruit Against Defendants

51.    BASF incorporates by reference the allegations contained in the above paragraphs.

52.    Defendants have received the benefit of the Contract Fulfillment Consideration provided by BASF to or on behalf of SA.

53.    The fair market value of the use of the Contract Fulfillment Consideration provided by BASF is at least $250,000.00, exclusive of costs, expenses, and attorneys' fees.

54.    SA has not provided repayment of the Contract Fulfillment Consideration to BASF.

55.    Saleen has not provided repayment of the Contract Fulfillment Consideration to BASF.

56.    Defendants have retained the benefit of the Contract Fulfillment Consideration provided by BASF, which has resulted in an inequity to BASF in the amount of $250,000.00.

57.    BASF is entitled to recover from Defendants the Contract Fulfillment Consideration in the amount of not less than $250,000.00 and for other benefits provided at BASF's expense for which no compensation has been provided.

58.    Defendants are liable to BASF in the amount of not less than $250,000.00 or such other amount as may be established by the evidence.

## COUNT VII

### Declaratory Relief Against SA

59.    BASF incorporates by reference the allegations contained in the above paragraphs.

60.    BASF requests a judicial declaration of BASF's and SA's respective rights under the Requirements Agreement.

61.     An actual dispute and justiciable controversy presently exists between BASF and SA concerning their rights and obligations under the Requirements Agreement.  SA contends that it has not breached the Requirements Agreement.  BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that SA is in breach of the Requirements Agreement.

62.     A judicial declaration is necessary to establish BASF's and SA's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

BASF demands a trial by jury on all counts and as to all issues.

## BASF'S PRAYER FOR RELIEF

On the bases of the foregoing, BASF respectfully prays that this Court enter Judgment in its favor and against Defendants as follows:

a.   Awarding BASF monetary damages in an amount to be determined at trial, but not less than $4,381,000.00 together with prejudgment interest;

b.   Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c.   Awarding BASF all costs and fees of this action as permitted by law; and

d.   Awarding BASF such other and further relief as this Court deems just and proper.

Dated:        August 6, 2018                    LEADER & BERKON

By: /s/ Bobbie R. Bailey
Bobbie R. Bailey, Esq.
Emily K. Doty, Esq.
Attorneys for Plaintiff
BASF Corporation
Email: bbailey@leaderberkon.com
       edoty@leaderberkon.com

LEADER & BERKON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**